# EXHIBIT 29

# SUPPLEMENTAL DECLARATION OF LESA DENNIS

I, Lesa Dennis, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Commissioner of the Kentucky Department for Community Based Services. I am submitting this Declaration to supplement my declaration dated July 28, 2026 regarding information I have learned since then.

2. After this action was filed, I learned for the first time that, in September 2025, ACF shared individual-level TANF data collected from states for Fiscal Year 2024 with the Department of Homeland Security (DHS) (the "September 2025 Data Transfer"). I understand that ACF asserts that this data sharing was for "program integrity" purposes and was authorized by Routine Use 7 of the then-effective system of records notice, which governs disclosure of information to "contractors, grantees, consultants, or volunteers."

3. To the best of my knowledge, neither DCBS nor any TANF recipients were ever notified about the September 2025 Data Transfer and that Transfer was not otherwise made public prior to the initiation of this lawsuit. I am not aware of any other instance in which ACF has shared any TANF data collected from States with DHS. Kentucky faces harm stemming from the September 2025 Data Transfer and the policy underlying it.

4. DCBS must undertake the process of legal review to determine whether we must update our disclosures going forward based on ACF's assertion that state TANF data can be transferred to DHS and other entities as "contractors, grantees, consultants, or volunteers." DCBS must also undertake the process of legal review to determine whether we must provide notice to past TANF recipients whose data may have been provided to DHS as part of the September 2025 Data Transfer. This legal review process is itself time and resource intensive. And any updates to

Kentucky's application or individualized notice to former recipients would be resource intensive and costly, because it would require technology system updates along with printing and mailing costs. This legal review and compliance process is in addition to, not instead of, the process that DCBS must undertake to review its disclosures in light of the new SORN.

5. DHS maintains the data from Plaintiff States that it obtained in the September 2025 Data Transfer, and both DHS and ACF maintain the ability to use that data. Public awareness that this data sharing has already occurred at least once without any notice, and that the data can be used by DHS, is likely to have a chilling effect on future TANF applications and use. Further, public awareness that the data sharing with DHS or other entities will continue under ACF's newly disclosed policy of sharing data with DHS or other entities under Routine Use 7 is likely to have the same chilling effect as the new SORN on future TANF applications and use. If fewer individuals participate in TANF, Kentucky will suffer significant harms, as TANF provides assistance that supports children in Kentucky to be cared for in their own homes or in the homes of relatives.

6. This data sharing for "program integrity" purposes also risks future harm to Plaintiff States, including that ACF may take enforcement action based on its erroneous use of this data. DHS already has that data in its hands, making it possible that the newly announced oversight and enforcement activities could be imminent.

DATED: August 20, 2026

Lesa Dennis, Commissioner