# EXHIBIT 36

time and effort of the individual or entity to prepare an appointment of representation containing all the required information of this section. To reduce some of the burden associated with this requirement, we developed a standardized form that the individual/entity may opt (but is not required) to use.

This form would be completed by Medicare beneficiaries, providers and suppliers (typically their billing clerk, or billing company), and any party who wish to appoint a representative to assist them with their initial Medicare claims determinations and filing appeals on Medicare claims. The information supplied on the form is reviewed by Medicare claims and appeals adjudicators. The adjudicators make determinations whether the form was completed accurately, and if the form is correct and accepted, the form is appended to the claim or appeal that it was filed with. *Form Number:* CMS–1696 (OMB control number: 0938–0950); *Frequency:* Occasionally; *Affected Public:* Individuals and Households and Private Sector; *Number of Respondents:* 213,208; *Total Annual Responses:* 213,208; *Total Annual Hours:* 53,302. (For policy questions regarding this collection contact Liz Hosna at 410–786–4993.

**William N. Parham, III,**

*Director, Division of Information Collections and Regulatory Impacts, Office of Strategic Operations and Regulatory Affairs.*

[FR Doc. 2024–07790 Filed 4–11–24; 8:45 am]

**BILLING CODE 4120–01–P**

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

### Administration for Children and Families

### Privacy Act of 1974; System of Records

**AGENCY:** Administration for Children and Families, Department of Health and Human Services.

**ACTION:** Notice of a modified system of records and rescindment of a system of records notice.

**SUMMARY:** In accordance with the requirements of the Privacy Act of 1974, as amended, the Department of Health and Human Services (HHS) is modifying a system of records maintained by the Office of Family Assistance (OFA) within the Administration for Children and Families (ACF), 09–80–0375 OFA Temporary Assistance for Needy Families (TANF) Data System. The modification will add Tribal TANF records from a separate system of records, 09–80–0373 OFA Tribal Temporary Assistance for Needy Families (Tribal TANF), which is now being rescinded; and will change the name of the system of records 09–80–0375 to Temporary Assistance for Needy Families (TANF) Data.

**DATES:** In accordance with 5 U.S.C. 552a(e)(4), this notice is effective April 12, 2024; however, the public may submit comments on the notice.

**ADDRESSES:** The public should submit written comments by mail or email to Anita Alford, Senior Official for Privacy, Administration for Children and Families, 330 C Street SW, Washington DC 20201, or *Anita.Alford@acf.hhs.gov.* Please include "09–80–0375" in the subject line. Comments received, if any, will be available for public inspection at the above address during business hours, or otherwise upon request; please contact Anita Alford at (202) 401–4628 or *Anita.Alford@acf.hhs.gov* for an appointment or to request a copy. We do not edit personal identifying information from submissions; therefore, you should submit only information that you wish to make publicly available.

**FOR FURTHER INFORMATION CONTACT:** General questions about the systems of records may be submitted by mail or email to TANF Data Division, Office of Family Assistance, Administration for Children and Families, 330 C Street SW, Washington, DC 20201, or *tanfdata@acf.hhs.gov;* or may be submitted by telephone to Anita Alford, Senior Official for Privacy, at (202) 401–4628.

**SUPPLEMENTARY INFORMATION:**

### I. Background

The Office of Family Assistance (OFA) oversees the cash welfare block grant called the Temporary Assistance for Needy Families (TANF) program. The TANF program provides assistance and work opportunities to needy families through grants that provide states, certain U.S. territories, and Tribes with federal funds and flexibility to develop and implement their welfare programs. Each state and U.S. territory that operates a program of cash assistance for low-income families using TANF funding is required by statute to collect data about the recipients of that cash assistance. Federally recognized tribes administering TANF programs are also required to collect similar data. Given the similar nature of the data collections for states, territories, and Tribes, OFA determined that it is unnecessary to have a separate System of Records Notice (SORN) for Tribal TANF data, hence the recission of SORN 09–80–0373. Instead, Tribal TANF data will be covered under the updated SORN 09–80–0375.

In addition, OFA is in the process of replacing the legacy TANF Data Reporting System. With this development, OFA is updating SORN 09–80–0375 to be IT system-agnostic, to no longer mention particular types of electronic storage media, which can become outdated over time, to describe the specific safeguards used to secure the data, and to cite the sources of the retention periods applicable to the data.

### II. Modifications to SORN 09–80–0375

The changes to SORN 90–80–0375 include:

- Reformatting the SORN to use the format prescribed in Office of Management and Budget (OMB) Circular A–108, issued December 23, 2016.
- Changing the name of the system of records from "OFA Temporary Assistance for Needy Families (TANF) Data System" to "Temporary Assistance for Needy Families (TANF) Data."
- Updating the System Location address and System Manager contact information.
- In the Authority section, removing references to no longer relevant statutory and regulatory provisions, *i.e.,* "42 U.S.C. 603(a)(4), 613(d) (secs. 403 and 413 of the Social Security Act); 45 CFR part 270 (collection of information for performance measures)," and adding authorities for maintenance of Tribal TANF data, from SORN 09–80–0373.
- Revising the Purpose(s) section to refer to "grantees" instead of "states" (to encompass territories and Tribes); to change "prescribed work" to "work participation" in the first purpose description; to change the third purpose description from computing states' scores on work measures and ranking states' performance in assisting TANF recipients to obtain and retain employment to "perform[ing] research on the caseload dynamics and employment trajectories of TANF recipients;" and, in the paragraph at the end of the section, inserting "Tribal TANF programs" and omitting statements that data is pooled to create a national database and that some data may be matched with records of individual employment information in the National Directory of New Hires system of records but would be transmitted back to OFA in a form that is not individually identifiable.
- In the Categories of Records section, no longer including lists of data elements, which were similar, but not identical, in the two SORNs; but retaining the same three categories of

records that were listed in both SORNs: ''family-level data; adult-level or minor-child-head-of-household data; and child data.''

• Changing the Record Source Categories description from ''states'' to ''TANF grantee agencies in the states, territories, and Tribal organizations.''

• Removing or not including three unnecessary routine uses (two of them were in only the Tribal TANF SORN, numbered as 3. *Disclosure Incident to Requesting Information* and 4. *Disclosure for Employee Retention, Security Clearance, Contract, or Other Benefit;* and the other one was in both SORNs, formerly numbered in SORN 09–80–0375 as 9. *Disclosure to Office of Personnel Management*); and combining two litigation-related routine uses that were in both SORNs into one routine use, thereby removing the routine use that was formerly numbered in SORN 09–80–0375 as 10. *Disclosure in Connection with Litigation.* Former Tribal TANF routine uses 3 and 4 authorized disclosures to aid personnel-related, procurement-related, and other administrative decisions by HHS or another agency, and former routine use 9 authorized disclosures to the Office of Personnel Management to discharge its personnel management responsibilities, and such disclosures are not, in fact made with records from this system of records. Former routine use 10 authorized disclosures in connection with litigation or settlement discussions, and such disclosures are now adequately covered in revised routine use 5, which authorizes disclosures to the Department of Justice or in proceedings.

• Revising three existing routine uses, as follows:

○ Routine use 1, *Disclosure of Identifiable Data for Research,* has been reworded but not substantively changed except to remove redundant wording requiring the disclosures to be compatible with the original collection purpose (such wording is part of the definition of a routine use).

○ Routine use 5, which was formerly captioned *Disclosure to Department of Justice (DOJ) or in Proceedings,* has been revised to change ''Proceedings'' to ''Litigation'' in the caption (to reflect the combination with former routine use 10 which was captioned *Disclosure in Connection with Litigation*); to change ''relevant and necessary to the litigation'' to ''arguably relevant to the litigation''; and to change ''deemed'' to ''determined.'' In addition, the proviso at the end of the routine use that stated ''provided, however, that in each case it has been determined that the disclosure is compatible with the purpose for which the records were collected'' has been removed because that is part of the definition of a routine use, so is redundant to include in the wording of a routine use.

○ Routine use 7, *Disclosure to Contractors, Grantees, and Others,* has been revised to require that the matters performed by agency contractors, grantees, and others on behalf of HHS for which they need access to records from this system of records, must be ''related to the purposes of this system of records,'' so that the routine use wording is not overly broad.

• Changing ''State provided data'' to ''grantee-provided data'' in the Note about matching at the end of the Routine Uses section.

• Updating the Storage section to state that records are ''stored in electronic media'' without describing particular types of electronic storage media, which could become outdated over time.

• Updating the Retrieval section to state how records ''are'' (not ''may be'') retrieved; to omit ''name'' as a personal identifier used for retrieval; to change ''assigned case or family identification-number'' to ''assigned case number;'' and to change ''state-assigned'' to ''grantee-assigned'' to reflect that identifiers may be assigned by territories and Tribes, not just states.

• Updating the Retention section to cite the disposition schedule which applies to the data (no schedules were cited in either SORN) and provide a shorter summary of the applicable retention periods.

• Improving the Safeguards section by identifying the specific administrative, technical, and physical safeguards used to protect the data from unauthorized disclosure.

• Improving the sections describing procedures for making access, amendment, and notification requests, so that:

○ the requirements (including identity verification requirements) that apply to all three types of requests are now directly included in the Access procedures section and then incorporated by reference in the Contesting Records and Notification procedures sections;

○ the information that ''must'' be included in a request now includes ''telephone number and/or email address'' and ''date of birth;'' and

○ the procedures now state that ''the state, Tribe, or territory where the requester participated in the TANF program'' should be identified in the request.

### III. Rescindment of SORN 09–80–0373

HHS is rescinding SORN 09–80–0373 OFA Tribal Temporary Assistance for Needy Families (Tribal TANF) as duplicative of modified SORN 09–80–0375. The records that were covered in SORN 09–80–0373 are still maintained by ACF/OFA but are now covered in SORN 09–80–0375.

**Beth Kramer,**

*HHS Privacy Act Officer, FOIA—Privacy Act Division, Office of the Assistant Secretary for Public Affairs.*

#### SYSTEM NAME AND NUMBER:

Temporary Assistance for Needy Families (TANF) Data, 09–80–0375.

#### SECURITY CLASSIFICATION:

Unclassified.

#### SYSTEM LOCATION:

Office of Family Assistance, Administration for Children and Families, 330 C St. SW, Washington, DC 20201.

#### SYSTEM MANAGER(S):

The System Manager is the Deputy Director of the TANF Data Division, Office of Family Assistance, Administration for Children and Families, 330 C Street SW—3rd Floor, Washington, DC 20201; Email: *tanfdata@acf.hhs.gov.*

#### AUTHORITY FOR MAINTENANCE OF THE SYSTEM:

*TANF:* 42 U.S.C. 601 through 619 (Title IV–A of the Social Security Act); 45 CFR part 265 (TANF data collection and reporting regulations);

*Tribal TANF:* 42 U.S.C. 612 (sec. 412 of the Social Security Act). Tribal TANF data collection and reporting regulations are found in 45 CFR part 286.

#### PURPOSE(S) OF THE SYSTEM:

The purposes for which TANF data are used are:

1. to determine whether grantees are meeting certain requirements prescribed by the Social Security Act, including work participation and time-limit requirements;

2. to compile information used to report to Congress on the TANF program; and

3. to perform research on the caseload dynamics and employment trajectories of TANF recipients.

The monthly TANF data are reported by the individual grantees for each Federal fiscal quarter. (The term ''grantees'' is used in this notice to refer to the Tribal TANF programs, 50 states, the District of Columbia, and the jurisdictions of Puerto Rico, the U.S. Virgin Islands, and Guam.)

#### CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM:

The records are about the following categories of individuals:

1. Members of families (as defined at 45 CFR 265.2) who received assistance under the TANF program in any month. For data collection and reporting purposes only, family means:

a. all individuals receiving assistance as part of a family under the State's TANF or separate State program (including noncustodial parents, where required under 45 CFR 265.3(f)); and

b. the following additional persons living in the household, if not otherwise included:

◦ parent(s) or caretaker relative(s) of any minor child receiving assistance;

◦ minor siblings of any child receiving assistance; and

◦ any person whose income or resources would be counted in determining the family's eligibility for or amount of assistance.

2. Members of families no longer receiving assistance under the TANF program.

#### CATEGORIES OF RECORDS IN THE SYSTEM:

There are three distinct categories of TANF data: family-level data; adult-level or minor-child-head-of-household data; and child data.

#### RECORD SOURCE CATEGORIES:

All information is obtained from TANF grantee agencies in the states, territories, and Tribal organizations.

#### ROUTINE USES OF RECORDS MAINTAINED IN THE SYSTEM, INCLUDING CATEGORIES OF USERS AND PURPOSES OF SUCH USES:

These routine uses specify circumstances, in addition to those provided by statute in the Privacy Act of 1974, as amended, at 5 U.S.C. 552a(b), under which ACF may release information from this system of records without the consent of the data subject. Each proposed disclosure of information under these routine uses will be evaluated to ensure that the disclosure is legally permissible.

1. *Disclosure of Identifiable Data for Research.* Information from this system of records may be disclosed with personal identifiers included for use solely as a statistical, research, or reporting record in response to specific requests from public or private entities. No data will be disclosed until the requester has agreed in writing not to use such data to identify any individuals and has provided advance adequate written assurance that the records will be used solely as a statistical, research, or reporting record.

2. *Disclosure for Law Enforcement Purpose.* Information may be disclosed to the appropriate federal, state, local, Tribal, or foreign agency responsible for investigating, prosecuting, enforcing, or implementing a statute, rule, regulation, or order, if the information is relevant to a violation or potential violation of civil or criminal law or regulation within the jurisdiction of the receiving entity.

3. *Disclosure for Private Relief Legislation.* Information may be disclosed to the Office of Management and Budget at any stage in the legislative coordination and clearance process in connection with private relief legislation as set forth in OMB Circular No. A–19.

4. *Disclosure to Congressional Office.* Information may be disclosed to a congressional office from the record of an individual in response to a written inquiry from the congressional office made at the request of the individual.

5. *Disclosure to Department of Justice (DOJ) or in Litigation.* Information may be disclosed to DOJ, or in a proceeding before a court, adjudicative body, or other administrative body before which HHS is authorized to appear, or in proceedings arguably relevant to the litigation, when: HHS, or any component thereof; or any employee of HHS in his or her official capacity; or any employee of HHS in his or her individual capacity where DOJ or HHS has agreed to represent the employee; or the United States, if HHS determines that litigation is likely to affect HHS or any of its components, is a party to the proceedings or has an interest in such proceedings, and the use of such records by DOJ or HHS is determined by HHS to be arguably relevant to the litigation.

6. *Disclosure to the National Archives and Records Administration (NARA).* Information may be disclosed to NARA in records management inspections.

7. *Disclosure to Contractors, Grantees, and Others.* Information may be disclosed to contractors, grantees, consultants, or volunteers performing or working on a contract, service, grant, cooperative agreement, job, or other activity for HHS related to the purposes of this system of records and who have a need to have access to the information in the performance of their duties or activities for HHS.

8. *Disclosure in the Event of a Security Breach Experienced by HHS.* Records may be disclosed to appropriate agencies, entities, and persons when (1) HHS suspects or has confirmed that there has been a breach of the system of records, (2) HHS has determined that as a result of the suspected or confirmed breach there is a risk of harm to individuals, HHS (including information systems, programs, and operations), the federal government, or national security, and (3) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with HHS's efforts to respond to the suspected of confirmed breach or to prevent, minimize, or remedy such harm.

9. *Disclosure to Assist Another Agency Experiencing a Security Breach.* Records may be disclosed to another federal agency or federal entity, when HHS determines that information from this system of records is reasonably necessary to assist the recipient agency or entity in (1) responding to a suspected or confirmed breach or (2) preventing, minimizing, or remedying the risk of harm to individuals, the recipient agency or entity (including its information systems, programs, and operations), the federal government, or national security, resulting from a suspected or confirmed breach.

**Note:** Data produced by matching grantee-provided data in this system of records with data from the Office of Child Support Enforcement's National Directory of New Hires system of records will only be disclosed in accordance with applicable routine use disclosures set forth in SORN 09–80–0381 OCSE National Directory of New Hires.

#### POLICIES AND PRACTICES FOR STORAGE OF RECORDS:

Records are stored in electronic media.

#### POLICIES AND PRACTICES FOR RETRIEVAL OF RECORDS:

Records are retrieved by a grantee-defined unique identifier (which may be an SSN) or assigned case number.

#### POLICIES AND PRACTICES FOR RETENTION AND DISPOSAL OF RECORDS:

The records (family-level data; adult-level or minor-child-head-of-household data; and child data) are retained for administrative, audit, legal, or operational purposes, and in accordance with records schedule DAA–292–2016–0006, Item 7.1 *Data, Reports and Tables* and Item 7.2 *Other Reports,* approved by the National Archives and Records Administration (NARA).

- Item 7.1 *Data, Reports and Tables* provides for records related to cash assistance caseloads, work participation data, and caseload characteristics to be cut off at the end of the fiscal year and transferred to NARA 20 years after cutoff, for permanent retention, due to its significant research value.
- Item 7.2 *Other Reports* provides for routine administrative supporting documents for the National Directory of New Hires (NDNH) match reports, and

Temporary Assistance for Needy Families and maintenance of effort reports submitted by states, territories, and tribes, to be cut off at the end of the fiscal year the reports are completed and destroyed three years after cutoff.

#### ADMINISTRATIVE, TECHNICAL, AND PHYSICAL SAFEGUARDS:

Safeguards conform to the HHS Information Security and Privacy Program, *https://www.hhs.gov/ocio/securityprivacy/index.html.* The information technology system used to store the records leverages cloud service providers that maintain an authority to operate in accordance with applicable laws, rules, and policies, including Federal Risk and Authorization Management Program (FedRamp) requirements.

Information is safeguarded in accordance with applicable laws, rules and policies, including the HHS information security policies, the E-Government Act of 2002, which includes the Federal Information Security Management Act of 2002 (FISMA), 44 U.S.C. 3541 through 3549, as amended by the Federal Information Security Modernization Act of 2014, 44 U.S.C. 3551 through 3558, all pertinent National Institutes of Standards and Technology (NIST) publications, and OMB Circular A–130, Managing Information as a Strategic Resource. Records are protected from unauthorized access through appropriate administrative, physical, and technical safeguards. Agency personnel, contractors, and grantees who have access to the records are required to maintain confidentiality by assuring that case records are kept in a safe, secure environment within agency, contractor, or grantee facilities. They are also required to sign a confidentiality agreement and to receive annual training on records management, cybersecurity, privacy, and confidentiality policies and procedures, including methods of protecting client confidentiality.

Case records are filed electronically according to OFA protocols, and access to records is controlled through log-in/out processes for computer logs. The records are accessible only to authorized users using two-factor authentication through a secured system that is protected by encryption, firewalls, and intrusion detection systems and requires additional encryption for any records stored on removable media. Records that become eligible for destruction are disposed of in alignment with the secure destruction methods prescribed by the NIST Special Publication (SP) 800–88. The associated information technology (IT) system(s) receive Authority to Operate (ATO) under the guidance of NIST SP 800–53.

#### RECORD ACCESS PROCEDURES:

Individuals seeking access to records about them in this system of records must submit a written access request to the relevant System Manager identified in the ''System Manager(s)'' section of this SORN. The request must contain the requester's full name, Social Security Number, address, telephone number and/or email address, date of birth, and signature, and should identify the state, Tribe, or territory where the requestor participated in the TANF program.

So that HHS may verify the requester's identity, the requester's signature must be notarized or the request must include the requester's written certification that the requester is the individual who the requester claims to be and that the requester understands that the knowing and willful request for or acquisition of a record pertaining to an individual under false pretenses is a criminal offense subject to a fine of up to $5,000.

You may also request an accounting of disclosures that have been made of records about you, if any.

#### CONTESTING RECORD PROCEDURES:

Individuals seeking to amend records about them in this system of records must submit a written amendment request to the relevant System Manager identified in the ''System Manager(s)'' section of this SORN, containing the same information required for an access request. The request must include verification of the requester's identity in the same manner required for an access request; must reasonably identify the record and specify the information contested, the corrective action sought, and the reasons for requesting the correction; and should include supporting information to show how the record is inaccurate, incomplete, untimely, or irrelevant.

#### NOTIFICATION PROCEDURES:

Individuals who wish to know if this system of records contains records about them must submit a written notification request to the relevant System Manager identified in the ''System Manager(s)'' section of this SORN. The request must contain the same information required for an access request and must include verification of the requester's identity in the same manner required for an access request.

#### EXEMPTIONS PROMULGATED FOR THE SYSTEM:

None.

#### HISTORY:

80 FR 17903 (Apr. 2, 2015), 83 FR 6591 (Feb. 14, 2018).

#### NOTICE OF RESCINDMENT:

For the reasons explained in the Supplementary Information section at III., the following system of records is rescinded:

#### SYSTEM NAME AND NUMBER:

OFA Tribal Temporary Assistance for Needy Families (Tribal TANF), 09–80–0373.

#### HISTORY:

80 FR 17901 (Apr. 2, 2015), 83 FR 6591 (Feb. 14, 2018).

[FR Doc. 2024–07823 Filed 4–11–24; 8:45 am]

**BILLING CODE 4184–42–P**

---

## DEPARTMENT OF HEALTH AND HUMAN SERVICES

### National Institutes of Health

### National Center for Advancing Translational Sciences; Notice of Closed Meeting

Pursuant to section 1009 of the Federal Advisory Committee Act, as amended, notice is hereby given of the following meeting.

The meeting will be closed to the public in accordance with the provisions set forth in sections 552b(c)(4) and 552b(c)(6), Title 5 U.S.C., as amended. The cooperative agreement applications and the discussions could disclose confidential trade secrets or commercial property such as patentable material, and personal information concerning individuals associated with the cooperative agreement applications, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

*Name of Committee:* National Center for Advancing Translational Sciences Special Emphasis Panel; NCATS CTSA UM1 Review.

*Date:* June 4, 2024.

*Time:* 10:00 a.m. to 5:00 p.m.

*Agenda:* To review and evaluate cooperative agreement applications.

*Place:* National Center for Advancing Translational Sciences, National Institutes of Health, 6701 Democracy Boulevard, Bethesda, MD 20892 (Video Assisted Meeting).

*Contact Person:* Victor Henriquez, Ph.D., Scientific Review Officer, Office of Scientific Review, National Center for Advancing Translational Sciences, National Institutes of Health, 6701 Democracy Boulevard, Room 1066, Bethesda, MD 20892, (301) 435–0813, *henriquv@mail.nih.gov.*

(Catalogue of Federal Domestic Assistance Program Nos. 93.859, Pharmacology, Physiology, and Biological Chemistry