# EXHIBIT 39

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAKE THE ROAD STATES et al., | : | **Docket#** 26-cv-04713-EK-CHK |
| Plaintiffs, | : | |
| - versus - | : | U.S. Courthouse Brooklyn, New York |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES et al., | : | |
| Defendants | : | August 19, 2026 11:13 a.m. |

TRANSCRIPT OF CIVIL CAUSE FOR ORAL ARGUMENT
BEFORE THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S:**

**For the Plaintiff:**

**Kimere J. Kimball, Esq.**
**Catherine Carroll, Esq.**
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043

**Saima A Akhtar, Esq.**
National Center for Law and Economic Justice
50 Broadway, Suite 1500
New York, NY 10004

**For the Defendant:**

**Patrick Keating, Esq.**
DOJ-Civ
Federal Programs Branch
1100 L Street NW
Washington, DC 20005

**Transcription Service:**

Transcriptions Plus II, Inc.
61 Beatrice Avenue
West Islip, New York 11795
RL.Transcriptions2@gmail.com

Proceedings recorded by electronic sound-recording, transcript produced by transcription service

register, publish the SORN and the register, it's essentially providing almost a head's up to the public about how the data is going to be used in order to pilot the Privacy Act. People are allowed to comment. But in terms of how much the agency needs to be deferential to the public, I'm not sure that there's a lot of support for that in the statute or anywhere else. Again, it's a notice of a system of records, a system of records notice. So it's providing notice ti say hey, this is what's going to happen. But at the end of the day, the agency has its obligations under the statute and the Privacy Act has its own requirements that the ACF is complying with.

THE COURT: So you are not in a position to represent here that anybody inside the government has even read the comments let alone consider them at any length?

MR. KEATING: I can't say specifically one way or the other about anything about the comments, Judge. I know that I read some of the comments. I know other people within HHS have read them but I don't have any information to share with the Court as to how that factored into anything else.

THE COURT: Okay. What do you make of 5 U.S. Code Section 552(a) is a requirement that the agency

"inform each individual whom it asks to supply information" of the routine uses? Does that require actual notice to every individual?

MR. KEATING: So this is a bit of an interesting situation, Judge, given the statute that we find ourselves within because ACF does not collect this data from any individuals. It's collecting the data from the states who in turn collect that information from the individuals. So --

THE COURT: So that section just has no effect because there are no individuals asked to supply information?

MR. KEATING: I think that under the statute it would be incumbent on the states to provide that notice because they also have their own Privacy Act responsibilities for gathering that information. But it's not something that -- as the plaintiffs have pointed out, ACF does not have -- it's running the day-to-day TANF program. It's granting this money to the states. So the states are the ones that gather the information. ACF is -- the SORN provides notice to the states that that's how that information is going to be used.

THE COURT: Okay. All right. Anything else?

MR. KEATING: Let me see. One moment, Judge.

THE COURT: Take your time.

MR. KEATING: Judge, I did want to circle back to something that the argument started with which is sort of the interplay between routine use 7 and routine use 10 because I do think it underscores, at least from a merits perspective, sort of a lot of what we're talking about insofar as our position is that routine use 10 is a clarification of what routine use 7 had already previously allowed.

But I noted down as your Honor was questioning, or as plaintiffs were presenting that the debate that you and plaintiffs were having in terms of, you know, what did routine use 7 allow, could it be shared this way, that's exactly why routine use 10 was necessary in ACF's view because you can make an argument that yes, perhaps DHS for example could volunteer to assist HHS with these sort of activities but that's sort of, you know, it's sort of a lawyer's thing of like depends what volunteer means.

So ACF, in order to fully comply with the Privacy Act and its requirements view the better option to consider routine use 10 which is far more explicit in terms of exactly what it's going to do.

I'd also underscore of course that, you know, there's a sort of theme here that this is -- plaintiffs